IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

NORFOLK DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | CRIMINAL NO. 2:16cr10 |
| v. | ) | |
| | ) | |
| INAYA MITCHELL, | ) | |
| | ) | |
| Defendant. | ) | |

<u>POSITION OF THE UNITED STATES WITH RESPECT TO SENTENCING</u>

Now comes the United States, by its undersigned counsel, and for its position with respect to sentencing factors, states that it has no objection to the presentence report and that the probation officer has correctly calculated an advisory Guideline prison range of 12-18 months. For the reasons discussed below, the Government recommends that the Court impose a variance sentence below the advisory Guidelines range and sentence the defendant to a term of imprisonment for six months.

A. **The Sentencing Guidelines**

Although a sentencing court may not presume that a sentence within the advisory Guidelines range is reasonable, the Guidelines remain a significant component of the sentencing process because the court "must first calculate the Guidelines range, and then consider what sentence is appropriate for the individual defendant in light of the statutory sentencing factors, 18 U.S.S.G. § 3553(a), explaining any variance from the former with reference to the latter." <u>Nelson v. United States</u>, 555 U.S. 350, 351, 129 S. Ct. 890, 891-92 (2009).

The Government has no objections to the calculation by the probation officer of an advisory Guideline prison range of 12-18 months, and it does not appear that the defendant has any

objections.

## B. The Statutory Sentencing Factors

In this case, for the reasons discussed below, the Government's view is that the imposition of a below-Guidelines sentence of six months imprisonment will provide a sentence sufficient but not greater than necessary to comply with the purposes set forth in 18 U.S.C. § 3553(a)(2).

As reflected in the agreed Statement of Facts, the defendant, a Social Security Administration service representative, fraudulently processed computer changes to the bank account information of nine separate Social Security Administration beneficiaries, so that benefit payments would be deposited directly into prepaid reloadable debit card accounts that she opened in the names of those nine beneficiaries.  In three of those instances, the beneficiaries were deceased but the defendant fraudulently made computer changes to their accounts to indicate that they were still alive and entitled to benefits.[1]  As a result of the scheme, the defendant fraudulently attempted to divert the total sum of approximately $32,965.78 in beneficiary payments into prepaid reloadable debit card accounts opened by her in the names of the nine beneficiaries.  The defendant was blocked from accessing this money as a result of action taken by the financial institutions where she had opened said accounts.

The defendant's overall background as described in the Presentence Report is relatively unremarkable.  Her criminal record consists only of two reckless driving convictions in 2004 and 2011.  There is no reported history of psychological or psychiatric treatment and no indication of substance abuse.

The defendant failed to obtain any funds as a result of her fraudulent conduct, but only because, as noted, she was blocked by the financial institutions from accessing the money she tried

---

[1] The Statement of Facts indicates that there were two such instances, but subsequent investigation confirmed that there were actually three instances.

to divert. Nor can her conduct be characterized as aberrational, since it spanned approximately 11 months. Still, there is no actual monetary loss in this case.

The Government has considered all of the statutory sentencing factors in 18 U.S.C. § 3553(a) and believes it is appropriate that the Court sentence the defendant below the advisory Guideline range of 12-18 months. But a term of imprisonment for six months is warranted. The defendant violated a position of public trust as a Social Security Administration service representative. Moreover, a six month prison term will have a significant deterrent effect on others and appropriately reflect the seriousness of the offense and promote respect for the law. A six month prison term is certainly not excessive and provides just punishment for the defendant's offense.

### C. The Government's Recommendation

In this case, after considering the statutory sentencing factors and for the reasons discussed above, the Government recommends that the Court impose a variance sentence below the advisory Guidelines range and sentence the defendant to a prison term of six months.

Dana J. Boente
United States Attorney

By: /s/
Alan M. Salsbury
Assistant United States Attorney
Virginia State Bar No. 15682
101 West Main Street, Suite 8000
Norfolk, Virginia 23510
Tel. - 757-441-6350
Fax - 757-441-6689
Email - alan.salsbury@usdoj.gov

CERTIFICATE OF SERVICE

I hereby certify that on the 3rd day of May 2016, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to counsel of record who are users of the CM/ECF system.

                                           /s/
                                 Alan M. Salsbury
                                 Assistant United States Attorney
                                 Virginia State Bar No. 15682
                                 Attorney for the United States
                                 United States Attorney's Office
                                 101 West Main Street, Suite 8000
                                 Norfolk, Virginia 23510
                                 Telephone Number - 757-441- 6331
                                 Facsimile Number - 757-441-6689
                                 E-mail Address - alan.salsbury@usdoj.gov